CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

January 14, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **SCOTT MATTHEW PIERCE,** | ) | |
| Petitioner | ) | Civil Action No. 7:24-cv-00083 |
| | ) | |
| v. | ) | |
| | ) | |
| **BUREAU OF PRISONS,** | ) | By: Michael F. Urbanski |
| | ) | Senior United States District Judge |
| | ) | |
| Respondent | ) | |

**MEMORANDUM OPINION**

Scott Matthew Pierce, proceeding pro se, filed a motion asking that his sentence be credited with time he spent in state custody from March 20, 2014, through November 26, 2014. See ECF No. 64 in United States v. Pierce, No. 5:14-cr-00053 (W.D. Va. mot. filed February 28, 2022). The court construed the motion as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and directed the Clerk to docket the motion as such and to name the Bureau of Prisons (BOP) as respondent. ECF No. 79 in 5:14-cr-00053; ECF No. 1 in the instant case.

The government filed a motion to dismiss for failure to state a claim or, alternatively, for summary judgment on April 30, 2024. ECF Nos. 7, 8 in the instant case. A Roseboro notice was sent to Pierce, ECF No. 14, and he did not respond.[1] As discussed below, Pierce's § 2241 motion is **DISMISSED without prejudice** for failure to exhaust and alternatively, **DENIED with prejudice** because he has failed to show that he is entitled to relief.

---

[1] See Roseboro v. Garrison, 528 F.2d 3019, 310 (4th Cir. 1975) (holding that a pro se plaintiff is entitled to fair notice of the requirements of the summary judgment rule, in language sufficiently understandable to a pro se litigant).

1

### I. Background

On November 13, 2014, Pierce was charged via an information with one count of distributing a measurable quantity of heroin which resulted in the serious bodily injury and death of another. Information, ECF No. 1 in 5:14-cr-00053. The government also filed a notice of enhanced punishment pursuant to 21 U.S.C. § 851 based on two previous felony drug convictions.[2] ECF No. 15 in 5:14-cr-00053. That same day, Pierce entered into a Rule 11(c)(1)(C) plea agreement and pled guilty. The parties agreed that he would be sentenced within a range of 180 months to 292 months. ECF Nos. 6, 7 in 5:14-cr-00053. The government agreed to dismiss from the § 851 enhancement one of Pierce's two prior felony drug convictions. Plea Agreement, ECF No. 6 in 5:14-cr-00053. On June 22, 2015, Pierce was sentenced to a term of 210 months, to be followed by a 6-year period of supervised release. J., ECF No. 32 in 5:14-cr-00053. Pierce currently is housed at Federal Correctional Institution Fairton and has a projected release date of May 31, 2029.[3]

Pierce is asking that his sentence be credited with time he spent in state custody from March 20, 2014, through November 26, 2014, a period of 8 months and 7 days. Mot., ECF No. 1 in the instant case. As explained below, he is not entitled to have the time credited to his sentence.

The government submitted a summary of Pierce's state and federal convictions and their sentences, which was prepared by Veronica Hodge, a management analyst at the BOP

---

[2] Section 851 provides the following: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851.

[3] https://www.bop.gov/inmateloc// (search "Scott Matthew Pierce") (last viewed Dec. 19, 2024).

designation and computation center. Decl. of Veronica Hodge, ECF No. 8-1 in the instant case. Hodge explained that on March 21, 2014, Pierce was arrested by Maryland authorities in Howard County, Maryland and charged with possession of controlled dangerous substance—not marijuana; possession of drug paraphernalia, possession of drug equipment, and failure to appear. He was released on bond the same day. Id. ¶ 4. Three days later, on March 24, 2014, Pierce was arrested by Virginia authorities in Winchester County, Virginia for a probation violation in Case No. 1275-02. Id. ¶ 5.[4] Four days after that, Pierce's probation was revoked in Case No. 1275-02. Id. ¶ 6.

On May 5, 2014, Pierce escaped from custody and was rearrested the next day and charged with escape, resisting arrest, and obstruction of justice without force. Id. ¶ 7. On July 10, 2014, while in the custody of Winchester County, Virginia, the warrant that had been issued for failure to appear in Howard County was recalled and on July 15, the Howard County drug charges were nolle prossed. Id. ¶ 8. At that point, the only charges pending against Pierce were the probation revocation in Case No. 1275-02, and the escape, resisting arrest, and obstruction of justice without force charges from May 5, 2014. On September 2, 2014, Pierce was sentenced to 80 days on the revocation in Case No. 1275-02 and in addition, he was sentenced to a 12-month term of imprisonment with 3 months suspended on the escape charge. Id. ¶ 9.

As set forth above, on November 13, 2014, Pierce was charged via information in federal court with one count of distributing a measurable quantity of heroin the use of which resulted in serious bodily injury of another, identified as R.F.L. Information, ECF No. 1 in 5:14-cr-53. He

---

[4] The probation revocation charge stemmed from a 2011 conviction in Winchester County, Virginia for possession of cocaine. Pre-sentence Investigation Report, ECF No. 34 ¶ 42 in Case No. 5:14-cr-53.

pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement to a lesser included offense on Count 1 of the Information in exchange for a sentence between 180 and 292 months. ECF No. 6 in 5:14-cr-53.[5]

On the day Pierce pled guilty to the federal charge, he was in the custody of Virginia authorities and was "borrowed" from state authorities to appear in federal court via a writ of habeas corpus ad prosequendum. Hodge Decl., ECF No. 8-1 ¶ 10 in 7:24-cv-83. On November 25, 2014, while still "borrowed" by federal authorities, Pierce completed the sentence imposed for escape and the sentence imposed on the probation revocation. The state charges for resisting arrest and obstruction of justice without force remained pending. Id. ¶ 11.

On June 18, 2015, while still in the primary custody of Virginia, petitioner was sentenced in federal court to a 210-month sentence pursuant to the plea agreement. Id. ¶ 12. There is no indication in the judgment that the federal sentence was to run concurrent to any state sentence and no indication that Pierce was to get credit for any time he had already served. J., ECF No. 32 in 5:14-cr-53. It was noted in the judgment that "Per the court's directive, the defendant shall be returned to state custody via the state writ." Id. at 2. Nor was anything said at the sentencing hearing to indicate that the court intended that Pierce get credit toward his federal sentence for any time served on his state convictions. Tr. of Sent. Hr'g, ECF No. 39 in 5:14-cr-53.

On July 10, 2015, Pierce was returned to state custody with the federal judgment filed as a detainer. Hodge Decl., ECF No. 8-1 ¶ 14 in the instant case. On August 14, 2015, the state

---

[5] According to the proffer provided as part of the plea agreement, on March 19, 2014, Pierce traveled to Baltimore, Maryland from Winchester, Virginia, to buy heroin. Upon returning to Winchester, he connected with B.D.K, who had arranged a heroin sale with R.F.L. Pierce drove B.D.K to a gas station where B.D.K. distributed heroin to R.F.L. in exchange for $100. Proffer, ECF No. 9 in 5:14-cr-53 at 1. On March 20, 2014, emergency personnel responded to R.F.L.'s residence, in response to a 911 call. R.F.L. was deceased and the medical examiner determined that she died from an overdose of heroin. Id. at 1–2.

court charges for resisting arrest and obstruction of justice without force were nolle prossed. Id. ¶ 15. Pierce was released to federal custody that day and his federal sentence commenced. Id. ¶¶ 15, 17. Pierce's federal sentence has been credited with time he spent in custody on March 21, 2014, and from November 26, 2014, through August 13, 2015, because that time was not credited to any other sentence. Id. ¶ 18.

**II. Analysis**

"Section 2241 entitles a prisoner to habeas corpus relief if '[h]e is in custody in violation of the Constitution or laws or treaties of the United States.'" Seay v. Cannon, 927 F.3d 776, 781 (4th Cir. 2019) (quoting 28 U.S.C. § 2241(c)(3)). A prisoner who claims that the BOP is not correctly computing or executing his sentence may seek relief under § 2241. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) (per curiam).

**A. Exhaustion of Administrative Remedies**

The government first argues that Pierce did not exhaust his administrative remedies and that his motion for § 2241 relief should be denied on that basis. When a prisoner seeks credit toward his sentence through a § 2241 petition, he must first exhaust administrative remedies through the BOP. See McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam) (citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."); see also United States v. Mercado, 37 F. App'x 698, 699 (4th Cir. 2002) (per curiam) (upholding dismissal without prejudice for failure to exhaust BOP's administrative remedies prior to filing § 2241). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court. See Jones v. Bock, 549 U.S. 199, 204 (2007).

The BOP provides a four-level administrative process by which inmates can present a complaint to BOP administration. A prisoner first must attempt to exhaust administrative remedies by trying to resolve the matter informally. 28 C.F.R. § 542.13(a). If informal resolution is not successful, the inmate must submit a BP-9 complaint form at his place of incarceration. 28 C.F.R. § 541.14. If the issue remains unresolved, the inmate must submit a BP-10 form to the appropriate regional director within 20 calendar days of the date the warden signed the response. An inmate who is not satisfied with the regional director's response may submit a BP-11 form to the general counsel within 30 days of the date the regional director signed the response. 29 C.F.R § 541.15.

According to Hodge, the BOP management analyst, Pierce has filed or attempted to file 44 administrative remedies as of April 17, 2024, but only two of them addressed his sentence computation. Hodge Decl, ECF No. 8-1 ¶ 20 in the instant case. One of those requests for administrative remedy was filed at the institutional level and one was filed at the regional level. The request filed at the institutional level was closed on October 6, 2022, and the request filed at the regional level was closed and denied on December 1, 2022. Pierce did not complete the administrative remedy process by appealing to the regional director. Id. Pierce did not respond to the motion to dismiss and nothing in the record contradicts the BOP's assertion that he did not exhaust his administrative remedies. Accordingly, the court will **DISMISS** Pierce's motion for relief under 28 U.S.C. § 2241 without prejudice for failure to exhaust state court remedies. In the alternative and as discussed below, the court **DISMISSES** the motion with prejudice on the merits.

**B. Merits**

Pierce asks the court to credit his sentence with time he spent in custody from March 20, 2014, through November 26, 2014. However, the court cannot do so for several reasons. First, the Attorney General, through the BOP, not the court, has the responsibility of computing the amount of credit an inmate receives toward his sentence, and the computation begins after the defendant begins his sentence. United States v. Wilson, 503 U.S. 329, 334 (1992). "The sentencing court has no authority 'to compute the amount of the credit' or 'to award credit at sentencing.'" Barnes v. Masters, 733 F. App'x 93, 98 (4th Cir. 2018) (quoting Wilson, 503 U.S. at 333–34). "Therefore, the sentencing court cannot order the BOP to award prior custody credit, which effectively means that the sentencing court cannot pronounce a sentence and order 'credit for time served.'" Id.

Second, the BOP must adhere to the following when calculating a sentence:

> **b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).

The statute makes clear that that an inmate cannot be given credit toward his sentence for time served it if has been credited toward another sentence. Wilson, 503 U.S. at 337; Barnes,

7

733 F. App'x at 94. In Pierce's case, the time he spent in custody from March 20, 2014, through November 25, 2014, was credited toward the sentences he received for the state escape and violation of probation charges. Hodge Decl., ECF No. 8-1 ¶ 11. In accordance with 18 U.S.C. § 3585(b), that credit cannot also be applied to his federal sentence. Pierce received credit toward his federal sentence for the time he spent in custody from November 26, 2014, through August 13, 2015, and he was released to the custody of the United States Marshals Service on August 14, 2015, to begin serving his federal sentence. Id. ¶ 15. On this record, it appears that Pierce received all the credit toward his federal sentence to which he was entitled. Accordingly, his motion for relief under 28 U.S.C. § 2241 is **DENIED**.

### III. CONCLUSION

Based on the foregoing, the court concludes that Pierce is not entitled to the relief he seeks as his sentence is being calculated correctly. Accordingly, the court **GRANTS** respondent's motion to dismiss or, in the alternative, motion for summary judgment, ECF No. 7. Pierce's § 2241 motion is **DISMISSED without prejudice** for failure to exhaust and alternatively, **DENIED with prejudice** because he has failed to show that he is entitled to relief.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: January 13, 2025

Mike Urbanski
Senior U.S.District Judge
2025.01.13 12:16:10
-05'00'

_____
Michael F. Urbanski
Senior United States District Judge

8